# EXHIBIT 2

**IN THE DISTRICT COURT OF NICOSIA**

**Before**: I. Ioannides, P.D.C.

**Application No: 479/16**

In Relation to the International Commercial Arbitration Law 101/1987, as subsequently amended, Article 9

and

In Relation to the International Arbitration to be filed in the United Kingdom (LCIA) from SHIREEN MARITIME LTD and MAZLIN TRADING CORP against WJ HOLDING LIMITED and STUBRICK LIMITED

**Between:**

1. SHIREEN MARITIME LTD
2. MAZLIN TRADING CORP

**Applicants**

και

1. WJ HOLDING LIMITED
2. STUBRICK LIMITED

**Respondents**

**By Summons Application dated 14/11/2016 from SHIREEN MARITIME LTD and MAZLIN TRADING CORP - Applicants**

Following the hearing of an application by Mssrs. A.G. Erotocritou LLC, lawyers for the Applicants, which was presented for hearing in the presence of Mr. Erotocritou, lawyer for the Applicants and Mr. Pavlou, lawyer for the Respondents **THIS COURT** having heard the arguments of both parties and following the deposit by the Applicants of €150.000 each in cash to the Registrar of the District Court of Nicosia for covering any potential damages that may be suffered by the Respondents due to the erroneous obtaining of the orders and having heard everything that was stated from the abovementioned lawyers, on 30/03/17 it has issued its judgment, and

1

**HEREBY ISSUES ORDER PROHIBITING AND/OR PROHIBITS** Respondents 1 and/or 2 from:

1. removing from the Republic of Cyprus any of their assets which are located within the Republic of Cyprus, up to the value of USD 11,429,776; and

2. in any way disposing of, dealing with or diminishing the value of any of their assets whether these are located within or outside the Republic of Cyprus up to the same value as above.

    Whereas, for the purposes of the present paragraph (A):

    i. The assets include all of the Respondents' assets worldwide, whether these are solely or jointly owned and whether the Respondents are interested in them legally, beneficially or otherwise. The assets of the Respondents include any asset over which the Respondents have the power, directly or indirectly to dispose of or deal with as if it were their own. The Respondents are to be regarded as having such power and/or ability over any assets if a third party holds and/or controls the asset in accordance with the direct or indirect instructions of the Respondents.

    ii. The prohibitory injunctions cover, inter alia, the following assets:

        1. The following assets of Respondent 1:

            (1) Bank account no. 201100140829, IBAN number CY43 0180 0001 0000 2011 0014 0829 and SWIFT Code EFGBCY2N with Eurobank Cyprus Ltd.

        2. The following assets of Respondent 2:

            (1) Immovable property located in Budapest, Hungary with address 1143 Budapest XIV, Ilka utca 28, Hungary, Title No. 32620 and owned through BVDH Real Estate Utilization Limited BVDH Ltd, a

        company registered in Hungary, with registration number 01-09-681183 and tax reference number 11837633-2-42;

(2) Immovable property located in Budapest, Hungary with address 1143 Budapest XIV, Stefania ut 77, Hungary, Title No. 32626 and owned through BVDH Real Estate Utilization Limited BVDH Ltd, a company registered in Hungary, with registration number 01-09-681183 and tax reference number 11837633-2-42;

(3) Bank account no. 201100092370, IBAN number CY03 0180 0001 0000 0009 2370 and SWIFT Code EFGBCY2N with Eurobank Cyprus Ltd;

(4) Bank account no. 629806149, IBAN number LV86 RTMB 0000 6298 0614 9 and SWIFT Code RTMBLV2X with JSC RIETUMU BANK, of Riga; and

(5) The shares and/or the share capital owned by Respondent 2 in the company BVDH Real Estate Utilization Limited BVDH Ltd, a company registered in Hungary, with registration number 01-09-681183, tax reference number 11837633-2-42 and with address 1143 Budapest, Stefania ut 77.

iii. If the total net value, free of charges and other securities, of the assets of any of the Respondents in the Republic of Cyprus ("**Unencumbered Assets**") exceeds USD 11,429,776, the Respondents may remove any of those assets from the Republic of Cyprus or may dispose of or deal with them, so long as the total Unencumbered Value of the Respondents' assets still in the Republic of Cyprus remains above the said sum.

iv. If the total net value of the Unencumbered Assets of the Respondents located within the Republic of Cyprus does not exceed USD 11,429,776,

      the Respondents must not remove any of those assets from the Republic of Cyprus and must not dispose of or deal with any of them. Subject to paragraph (v) below, if the Respondents have other assets outside the Republic of Cyprus, they may dispose of or deal with those assets so long as the total value of the Unencumbered Assets, either within or outside the Republic of Cyprus remains above USD 11,429,776.

   v. Before making any disposal of assets in accordance with paragraph (iv) above, the Respondents must first comply with their obligations to disclose all of their assets, in accordance with paragraph C below.

   vi. The present order is subject to the restrictions noted in **Appendix A** of the Order.

**HEREBY FURTHER ISSUES ORDER ORDERING** the Respondents, through their directors, within 7 days from the date of service and/or notification of the Order, to prepare, file and serve to the lawyers of the Applicants an affidavit setting out the information they have a duty to disclose pursuant to the provisions of this Order, and to which all the relevant documents and records that support the information disclosed will be attached:

1. The Respondents must disclose all their assets worldwide exceeding EURO 5.000 in value, or the equivalent amount in any other currency, whether these are held in their own name or not, whether solely or jointly owned and whether the Respondents are interested in them legally, beneficially or otherwise, including in the capacity of a beneficiary under a discretionary trust or private foundation, disclosing the value, location and details of all such assets, including the identity of any individuals or entities holding the same for and on behalf of the Respondents.

2. The Respondents must disclose all of the bank accounts they hold, whether solely or in joint names and/or over which they are a signatory and/or which are held in the names of nominees for and on behalf of the Respondents and/or in respect of which they otherwise have the power to control transfers into and from such account, disclosing all particulars, including the account

number, the name of the account holder, the bank at which it is held and its balances at the date of service.

Whereas, if the above information is likely to incriminate the Respondents or any of them, they may refuse to provide the information, but it is recommended that they take legal advice before refusing to provide the information.

Whereas wrongful refusal to provide the information amounts to contempt of Court and may render the Respondents liable to imprisonment, fines or having their assets seized.

**HEREBY FURTHER ISSUES ORDER AWARDING** against the Respondents the costs of the Application, as these will be calculated from the Registrar and approved by the Court. It is provided that the Respondents are entitled to the costs, which they will incur in complying with the order under "C" which is issued against them.

**FURTHER** in case that these costs are not agreed between the parties, the Respondents may file a relevant list of costs with the Registrar for their calculation and subsequently, they will be put before the Court for approval.


Issued on 30/03/2017.

Drawn-up on 14/07/2017.

(Sign.). I. Ioannides, P.D.C.

True Copy

Registrar


**Indorsement**: If you the Respondents, WJ HOLDING LIMITED and STUBRICK LIMITED, and/or your Directors and/or agents and/or employees, omit to comply with the present order you, the legally responsible, are subject to arrest and your assets are subject to seizure.

5

## **APPENDIX A**

1. This Order does not prohibit the Respondents from spending reasonable sums on legal fees, but before doing so, they must inform the lawyers of the Applicants of the source of the money to be spent.

2. This Order does not prohibit the Respondents from disposing or dealing with assets in the ordinary course of business, but before doing so, they must inform the lawyers of the Applicants if the asset to be disposed of or dealt with exceeds EURO 5.000, and identify both the asset and the intended transaction.

3. The Respondents may agree with the lawyers of the Applicants that the above spending limits should be increased or that this Order should be varied in any other respect, but any such agreement must be in writing.

4. This Order will cease to have effect as against the Respondents if they:

    (1) provide security by paying the sum of USD 11,429,776 or the equivalent amount in EURO, in Court; or

    (2) make provision for security in another form as agreed upon with the lawyers of the Applicants.