**SHER TREMONTE LLP**

October 30, 2019

**VIA ECF**

Hon. Deborah A. Batts
United States District Judge
Southern District of New York
500 Pearl Street, Room 2510
New York, New York 10007-1312

          Re:    *Mazlin Trading Corp. et al. v. WJ Holding Ltd. et al.*
                  Case No. 19-CV-7652 (DAB)

Dear Judge Batts:

      We represent the Respondents, WJ Holding Limited, Stubrick Limited, and Yuri Drukker, in the above-referenced matter. We write to the Court to respectfully request that the Court reconsider its October 16, 2019 statement allowing expedited discovery. In the alternative, should the Court permit expedited discovery, we request that the Court clarify that discovery is limited to any supposed asset transfers by WJ Holding Limited and Stubrick Limited (the "Entity Respondents") subsequent to the July 14, 2017 Cypriot Interim Order.

**I.**      **Legal Standards**

      A motion for reconsideration may be granted where "the moving party can point to controlling decisions or data that the court overlooked." *United States v. U.S. Currency in Sum of Six Hundred Sixty Thousand, Two Hundred Dollars ($660,200.00), More or Less*, 429 F. Supp. 2d 577, 580 (E.D.N.Y. 2006) (citation and internal quotation marks omitted).

      For a motion for clarification, "[w]hen a court ruling is unclear or ambiguous, the issuing court may grant the motion and provide additional clarification modifying that ruling or order after providing other parties an opportunity to respond." *Metcalf v. Yale Univ.*, No. 15-CV-1696, 2019 WL 1767411, at *2 (D. Conn. Jan. 4, 2019).

      Expedited discovery, particularly pre-judgment discovery regarding the nature and current location of a respondent's assets, is an "extraordinary remedy." *Equinox Gallery Ltd. v. Dorfman*, No. 17-CV-0230, 2018 WL 637764, at *2–3 (S.D.N.Y. Jan. 22, 2018); *Park W. Radiology v. Carecore Nat. LLC*, 240 F.R.D. 109, 111 (S.D.N.Y. 2007). Although "[t]he pendency of a preliminary injunction motion and an asserted need for discovery in order to support or defend against such a motion can in certain circumstances provide the requisite good cause for approving expedited discovery. . .[,] [t]he pendency of such a motion, however, does not automatically entitle a party to expedited discovery." *Oriska Ins. Co. v. Avalon Gardens Rehab. & Health Care Ctr.*,

The Honorable Deborah A. Batts
October 30, 2019

*LLC*, No. 6:18-CV-1030, 2018 WL 6074693, at *9–12 (N.D.N.Y. Nov. 21, 2018) (citations omitted).  If a court does grant expedited discovery, its scope must be "limited to requests that are more narrowly tailored to the time constraints under which both parties must proceed [and] to the specific issues that will have to be determined at the preliminary injunction hearing."  *Fed. Exp. Corp. v. Fed. Espresso, Inc.*, No. 97-CV-1219, 1997 WL 736530, at *2 (N.D.N.Y. Nov. 24, 1997).

Courts in this circuit employ two tests to determine whether to grant expedited discovery.  The first is a "reasonableness standard," which "requires the party seeking the discovery to prove that the requests are reasonable under the circumstances."  *In re Osuji*, No. 15-75534, 2018 WL 893791, at *2–3 (Bankr. E.D.N.Y. Jan. 11, 2018) (citation omitted).  Courts may find that there is good cause if "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Id.* (citation omitted).  The second test requires a showing of: "(1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of irreparable injury; and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted."  *Levy v. Young Adult Inst., Inc*., No. 13-CV-2861, 2015 WL 170442, at *6 (S.D.N.Y. Jan. 13, 2015) (citation omitted) (collecting cases).  Under either standard, Petitioners "ultimately have to demonstrate that they will suffer irreparable injury inasmuch as they are seeking expedited discovery in aid of a preliminary injunction hearing."  *Special Situations Cayman Fund, L.P. v. Dot Com Entm't Grp., Inc.*, No. 03-CV-0811, 2003 WL 23350128, at *1 (W.D.N.Y. Dec. 5, 2003).

## II.     Relevant Factual Background

On August 15, 2019, and again on September 12, 2019, Petitioners made an application for a Temporary Restraining Order and Preliminary Injunction.  (Dkt. 2, 11.)  Neither application contained a motion for expedited discovery.  (*See id.*)  However, at the October 16 conference, the Court *sua sponte* asked if the parties "would . . . like some discovery" before the November 21, 2019 preliminary injunction hearing.  (Dkt. 24-1, Tr. 29:10-14.)  Petitioners' counsel stated he thought it "would be helpful."  (Tr. 29:15-16.)  Before Respondents' counsel could respond, the Court set a discovery deadline of November 12, 2019 at 4:00 p.m.  (Tr. 29:17-20.)  That same day, Petitioners served Respondents with discovery requests as to Mr. Drukker, the Entity Respondents, and other third parties with whom they have done business.

## III.    Expedited Discovery as to Mr. Drukker's Assets Should Not Be Permitted

The Court did not make a finding under either expedited discovery standard; however, regardless of the standard applied, discovery as to Mr. Drukker's assets should not be permitted for three reasons.

First, as explained in Respondents' Memorandum of Law in Opposition to Petitioners' Order to Show Cause for a Preliminary Injunction ("Respondents'

The Honorable Deborah A. Batts
October 30, 2019

Opposition Brief"), this Court cannot impose a preliminary injunction against Mr. Drukker as a matter of law because: (1) the determination of alter ego liability is not permitted in the context of an action to confirm an arbitration award; and (2) freezing Mr. Drukker's assets is barred by the Supreme Court's decision in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999). (Dkt. 30, at 4-7.) Therefore, because the Court is "[a]bsent authority to grant the [ultimate] relief sought by [Petitioners]," Petitioners are not entitled to discovery regarding Mr. Drukker's assets. *Hughes v. Constantine*, No. 11-CV-2692, 2011 WL 3678828, at *1–2 (E.D.N.Y. Aug. 17, 2011); *see also TV Globo Ltda. v. Kelly Broad. Sys., Inc.*, No. 01-CV-5673, 2001 WL 1537642, at *2 (S.D.N.Y. Dec. 3, 2001) (holding that "a request for expedited discovery is moot" where "a motion for a preliminary injunction on the same issues would be denied").

Second, Petitioners' demands for broad discovery of Mr. Drukker's assets would undermine the Court's October 25, 2019 order staying certain provisions of the temporary restraining order. (Dkt. 27.) In relevant part, the Court stayed the requirement that Mr. Drukker "furnish to Petitioner a list of all assets belonging to [him]." (*Id.*) Petitioners' continued demand for the same information in expedited discovery is an attempt to improperly circumvent the Court's stay order.

Third, courts may find that there is good cause for expedited discovery when "the need for expedited discovery . . . outweighs the prejudice to the responding party." *In re Osuji*, 2018 WL 893791, at *2–3. Here, as explained in Respondents' Opposition Brief, limitless discovery would irreparably injure Mr. Drukker's "constitutionally protected interest in the confidentiality of [his] personal financial information" under the Fourteenth Amendment. (Dkt. 30, at 17-18.) In the absence of a specific showing of a compelling interest in this information that trumps Mr. Drukker's constitutional protections—which Petitioners have not alleged—Petitioners are not entitled to expedited discovery as to his assets. This is particularly true where, as here, Petitioners are fishing for Mr. Drukker's personal assets "that might be available to satisfy any money judgment ultimately entered in the case should [Petitioners] be successful. Expedited discovery for such purposes is typically not granted." *Oriska*, 2018 WL 6074693, at *9–12.

### IV. Expedited Discovery as to the Entity Respondents Should Not Be Permitted

For the reasons set forth in Respondents' Opposition Brief, none of the "preliminary evidence" proffered by Petitioners supports their claim that the Entity Respondents are likely to dissipate, or have dissipated, their assets since the Cypriot Interim Order was implemented in July 2017. (Dkt. 30, at 7-12.) In fact, Petitioners' evidence flatly contradicts this assertion. (*Id.*) This should be a sufficient basis for the Court to deny Petitioners expedited discovery. *See, e.g.*, *GeigTech E. Bay LLC v. Lutron Electronics Co.*, No. 18-CV-5290, 2018 WL 4360792, at *6 (S.D.N.Y. Sept. 5, 2018) ("A party seeking the extraordinary remedy of a preliminary injunction must present the court with [] evidence in support of its motion when it makes the motion."); *cf. Equinox Gallery Ltd.*, 2018 WL 637764, at *3 ("[I]t is unlikely that evidence of transfers made *years* before a complaint is even filed could, without more, support a motion for a

3

The Honorable Deborah A. Batts
October 30, 2019

pre-judgment asset freeze. There is thus insufficient reason here for this Court to deviate from the usual rule limiting pre-judgment discovery to matters relevant to the claims or defenses asserted in the case, which would not include discovery as to whether a defendant has sufficient assets to afford the plaintiff relief, should the plaintiff ultimately prevail on its claims.") (citation omitted).

Moreover, Petitioners' delay in bringing this action (Dkt. 30, at 14-15, 17), the existence of the Cypriot Interim Order, and Petitioners' failure to move for expedited discovery should also militate against granting expedited discovery. *See Raza v. City of New York*, 998 F. Supp. 2d 70, 75–76 (E.D.N.Y. 2013) (denying expedited discovery where "the allegations in Plaintiffs' complaint, as well as the documents they submitted in connection with their discovery requests, plainly demonstrate that Plaintiffs were well aware of the [allegedly unlawful conduct] . . . even before the filing of th[e] lawsuit"); *see also Lumetrics, Inc. v. Blalock*, 23 F. Supp. 3d 138, 142 n.1 (W.D.N.Y. 2014) ("[T]he Court notes its skepticism concerning the appropriateness of an emergency motion for expedited discovery given the length of time that the parties have been litigating their disputes."); *Klipsch Grp., Inc. v. Big Box Store Ltd.*, No. 12-CV-6283, 2012 WL 4901407, at *4 (S.D.N.Y. Oct. 11, 2012) (denying expedited discovery where, as here, there was an existing injunction and defendant previously produced the information requested); *Jaccard Corp. v. Mr. Bar-B-Q, Inc.*, No. 08-CV-297, 2010 WL 11546113, at *2 (W.D.N.Y. Feb. 12, 2010) (denying motion where plaintiff did "not satisfactorily explain[] its delay in moving for expedited discovery"); *Irish Lesbian & Gay Org. v. Giuliani*, 918 F. Supp. 728, 730–32 (S.D.N.Y. 1996) (denying expedited discovery where the need for expedited discovery was due to "circumstances largely of the plaintiff's making").

### V.     Any Expedited Discovery Should Not Precede July 14, 2017

To the extent the Court permits expedited discovery, such discovery must be limited to the narrow question of whether any assets were dissipated by the Entity Respondents following the July 14, 2017 Cypriot Interim Order. *See, e.g.*, *Streamlight, Inc. v. Gindi*, No. 18-CV-987, 2018 WL 8967042, at *1–2 (E.D.N.Y. Apr. 23, 2018) (stating that expedited discovery must be "narrowly tailored" to the claims at issue); *Tang Capital Partners, LP v. Cell Therapeutics, Inc*., 591 F. Supp. 2d 666, 672 (S.D.N.Y. 2008) (same).[1] Any broader discovery would "not [be] reasonably tailored to the time constraints under which both parties must proceed or to the specific issues that will have to be determined at the preliminary injunction hearing." *Irish Lesbian & Gay Org.*, 918 F. Supp. at 730–32 (holding that "it is unfair for the defendants to be saddled with the added burden of voluminous document discovery" where they must also "brief fully the

---

[1] Similarly, to the extent the Court permits expedited discovery from Mr. Drukker in his capacity as owner of the Entity Respondents, such discovery must "be limited to issues related to . . . [the Entity Respondents'] financial condition." *Computerland Corp. v. Batac, Inc.*, No. 88-CV-8624, 1988 WL 140816, at *5 (S.D.N.Y. Dec. 16, 1988); *see also Equinox Gallery Ltd.,* 2018 WL 637764, at *2–3. Petitioners should not be permitted discovery as to Mr. Drukker's personal assets or his business assts unrelated to the Entity Respondents.

The Honorable Deborah A. Batts
October 30, 2019

matters at issue in this case, and prepare for and conduct a hearing before th[e] Court on the preliminary injunction, and possibly pursue an appeal").

### VI. Conclusion

Accordingly, we respectfully request that the Court reconsider its October 16, 2019 statement allowing expedited discovery. Should the Court allow expedited discovery, we request that it be clarified that discovery is limited to any supposed asset transfers by the Entity Respondents subsequent to the July 14, 2017 Cypriot Interim Order.

                Respectfully submitted,

                /s/Michael Tremonte
                Michael Tremonte
                Yonatan Y. Jacobs
                Alexandra G. Elenowitz-Hess
                Jennifer X. Luo

CC:    Michael J. Smikun, Esq.