SHER TREMONTE LLP

**VIA ECF**                                                                                                                November 15, 2019
Hon. Deborah A. Batts
United States District Judge
Southern District of New York
500 Pearl Street, Room 2510
New York, New York 10007-1312

                Re:    *Mazlin Trading Corp. et al. v. WJ Holding Ltd. et al.*
                      Case No. 19-CV-7652 (DAB)

Dear Judge Batts:

      We represent the Respondents, WJ Holding Limited, Stubrick Limited, and Yuri Drukker, in the above-referenced matter. We respectfully request a pre-motion conference, pursuant to Rule II(B)(1) of Your Honor's Individual Rules, in connection with Respondents' anticipated Motion to Dismiss the Petition. The primary bases for dismissal are set forth below.

      **I.**    **This Court Should Abstain from Deciding This Case**

      With this action, Petitioners have sought confirmation of the underlying arbitral award in three separate proceedings. Such forum shopping should not be condoned. In April 2018, Petitioners filed their first confirmation petition in Florida state court. *See Mazlin Trading Corp. v. WJ Holding Ltd.*, 2018-010492-CA-01 (11th Fla. Cir. Ct.). That action was stayed, voluntarily, with Petitioners' full consent, in October 2018 pending the outcome of Respondents' related action in Kings County Supreme Court. *See WJ Holding Ltd. v. Shireen Maritime Ltd.*, Index No. 506949/2017 (N.Y. Sup. Ct.). Despite the stay in Florida, however, in December 2018, Petitioners brought a counterclaim in Kings County seeking confirmation of the same arbitral award.[1] Therefore, this *third* confirmation action, filed in August 2019—more than 16 months after the first confirmation action—should not be allowed to proceed.

      This is not a case of federal jurisdiction "being trammeled in a race to the courthouse." Rather, this a case in which the prospective benefits to Petitioners of their dual litigation strategy "are far outweighed by the costs to judicial economy." *Cong. Talcott Corp. v. Roslin*, No. 95-CV-769, 1996 WL 499337, at *8 (S.D.N.Y. Sept. 4, 1996). All of the claims here (both state and federal) can be, or have been, brought in the ongoing Florida or Kings County Actions. Other factors supporting *Colorado River* abstention include: (1) dismissing this action will avoid piecemeal litigation; (2) this action is significantly less advanced than the other two actions, both of which have fully briefed motions to dismiss; (3) Petitioners' rights will be protected in the state proceedings. *Moses H. Cone Memorial Hosp. v. Mercury Construction*, 460 U.S. 1, 15–16, 19–23, 26 (1983). Moreover, abstention is appropriate where a party attempts to maintain two parallel actions in a "blatant attempt to manipulate the concurrent system of jurisdiction." *Garcia v. Tamir*, No. 99-CV-298, 1999 WL 587902, at *8 (S.D.N.Y. Aug. 4, 1999).

---

[1] That counterclaim was superseded by the filing of Respondents' Amended Complaint in the Kings County Action. Although we fully anticipate that Petitioners will reassert it, that has not yet happened as of the filing of this pre-motion letter. The fact that Petitioners have asserted, and likely will reassert, this claim weighs in favor of abstention. *See, e.g.*, *Wiggin & Co. v. Ampton Investments, Inc.*, 66 F. Supp. 2d 549, 554 (S.D.N.Y. 1999).

The Honorable Deborah A. Batts
November 15, 2019

### II. Petitioners' Alter Ego Claim Should Be Dismissed as a Matter of Law and for Failure to State a Claim

It is well-established in this Circuit that "an action for confirmation is not the proper time for a District Court to 'pierce the corporate veil.'" *Orion Shipping & Trading Co. v. E. States Petroleum Corp. of Panama, S.A.*, 312 F.2d 299, 301 (2d Cir. 1963). Thus, courts typically reject alter ego claims except "when doing so would not involve extensive fact-finding or considerable delay." *Trustees of Empire State Carpenters Annuity v. John J. Pausley, Inc.*, No. 13-CV-1629, 2014 WL 2711914, at *6–7 (E.D.N.Y. June 16, 2014). That narrow exception does not apply in this case. As evidenced by the Petition itself, Petitioners' alter ego claim against Mr. Drukker will necessarily involve extensive fact-finding about "various" and "[m]ultiple" properties "in other parts of the world." (Dkt. 1, at ¶¶ 49-57, 63-66.) Therefore, Petitioners' alter ego claim should be dismissed as a matter of law.

Additionally, Petitioners fail to state a claim for alter ego liability because, as stated in Section II(A) of Respondents' Memorandum of Law in Opposition to Petitioners' Order to Show Cause (Dkt. 30, at 7-12), they have failed to adequately plead that any supposed "domination" of WJ Holding or Stubrick by Mr. Drukker was "used to commit a fraud or wrong that injured [Petitioners]." *Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997).

### III. Petitioners' Own Evidence Requires that Their Fraudulent Conveyance and Conversion Claims Be Dismissed

For the reasons substantially stated in Section II(A) of Respondents' Opposition Brief, Petitioners fail to adequately allege any intent to defraud, improper dissipation of assets by Respondents, or that Petitioners had legal ownership of the assets. *See In re Sharp Int'l Corp.*, 403 F.3d 43, 56–57 (2d Cir. 2005) ("[T]o prove actual fraud under § 276, a creditor must show intent to defraud on the part of the transferor.") (citation omitted); *Harris v. Coleman*, 863 F. Supp. 2d 336, 342 (S.D.N.Y. 2012) ("To state a claim for conversion, a plaintiff must allege facts sufficient to establish that the defendant acted without authorization, defendant exercised dominion or right of ownership over property belonging to the plaintiff[,] . . . [and plaintiff had] legal ownership or an immediate superior right of possession.") (citation omitted). Given the absence of allegations sufficient to support Petitioners' conclusory assertions, their fraudulent conveyance and conversion claims should be dismissed.

### IV. Petitioners Fail to State a Claim for Turnover

Petitioners seek turnover "of all monies and/or assets maintained by or on behalf of Respondents with any third-party financial institution(s) located in the United States." (Dkt. 1, at ¶ 46.) However, Petitioners have failed to allege, as they must: (1) the existence of a judgment against Mr. Drukker; (2) the Court's jurisdiction over, or service of, the unnamed financial institutions; and (3) that Petitioners are entitled to the possession of such property or that their rights to the property are superior to those of said institutions. *See Allstate Ins. Co. v. Mirvis*, No. 08-CV-4405, 2018 WL 4921631, at *10 (E.D.N.Y. Sept. 4, 2018) (collecting cases). In the absence of these required allegations, Petitioners' turnover claim cannot be sustained.

### V. The Court Should Stay Discovery Pending the Court's Decision

In light of Respondents' plan to file a dispositive motion "that potentially eliminates the entire action," this Court should stay discovery pending its decision on the motion to dismiss. *Spencer Trask Software & Info. Servs. v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

The Honorable Deborah A. Batts
November 15, 2019

                                    Respectfully submitted,

                                    /s/Michael Tremonte
                                    Michael Tremonte
                                    Yonatan Y. Jacobs
                                    Alexandra G. Elenowitz-Hess
                                    Jennifer X. Luo

CC:    Michael J. Smikun, Esq.